IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SUSAN I. NWOGA, | * |
| Plaintiff, | * |
| v. | * |
| | Civil No. 25-2637-BAH |
| SILVERMAN, THOMPSON, SLUKIN, AND WHITE ET AL., | * |
| | * |
| Defendants. | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff Susan I. Nwoga ("Plaintiff") filed the above-captioned complaint pro se together with a motion for leave to proceed in forma pauperis, ECF 2. For the reasons explained below, Plaintiff's complaint will be dismissed for lack of subject matter jurisdiction.

Plaintiff brings this action against the Baltimore-based law firms of Silverman, Thompson, Slukin,[1] and White and Wright, Constable, and Skeen, as well as several lawyers of those firms in connection with their representation of her in a criminal proceeding. *See* ECF 1. She brings claims for legal malpractice (count I), fraud (count II), and respondeat superior (count III), as well as what appear to be several sub-counts, all of which fall under the umbrellas of the three listed claims. *See id.* at 8–15 ¶¶ 39–83. Plaintiff seeks compensatory damages, punitive damages, sanctions, and costs and fees. *See id.* at 15–16.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court must have subject matter jurisdiction either based on diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332(a)(1). Diversity jurisdiction requires complete diversity of

---

[1] The complaint lists "Slukin" in the firm name, which the Court presumes to refer to firm partner Andy Slutkin, who is also named in the suit. *See* ECF 1, at 1, at 2 ¶ 10.

citizenship and an amount in controversy over $75,000. 28 U.S.C. § 1332(a)(1). Federal question jurisdiction is determined "by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff invokes federal question jurisdiction. *See* ECF 1, at 3 ¶ 14 ("This Court holds jurisdiction over the subject matter under applicable Maryland state statutes and federal laws governing legal malpractice and fraud for negligence in the attorney-client relationship."); ECF 1-1, at 1 (civil coversheet checking only the box for federal question jurisdiction).

However, despite Plaintiff's assertion of a federal question, none exists in this case. Legal malpractice, negligence, and fraud suits are questions of state law, not federal, and do not provide a basis for federal question jurisdiction. *See Kapoor v. Majors*, 215 F.3d 1319 (4th Cir. 2000) (table) (affirming district court's dismissal of plaintiff's "civil legal malpractice actions for lack of subject matter jurisdiction"); *Dinkins v. Region Ten CSB*, 289 F. Supp. 3d 756, 759 (W.D. Va. 2018) (dismissing complaint, including claims of negligence and fraud, for lack of subject matter jurisdiction *sua sponte*); *Karanja v. Matemu*, Civ. No. SAG-25-0344, 2025 WL 675070, at *2 (D. Md. Mar. 3, 2025) (noting that plaintiff's "claims of legal malpractice and breach of contract are state law claims and are not brought under the 'Constitution, laws, or treaties of the United States'" (citing 28 U.S.C. § 1331)); *Hairston v. Soc. Sec. Admin.*, Civ. No. SAG-24-01682, 2025 WL 475278, at *2 (D. Md. Feb. 12, 2025) ("Fraud is a state common law tort and not a claim arising under the Constitution or a federal statute."). The respondeat superior claim is also

governed by state law and does not form an independent basis for federal question jurisdiction. *See Lee v. Pfeifer*, 916 F. Supp. 501, 507 (D. Md. 1996) (listing the elements of respondeat superior under Maryland law); *Reaves v. Williamson*, No. 7:22-CV-2-FL, 2022 WL 17169605, at *4 (E.D.N.C. Nov. 22, 2022) (dismissing respondeat superior claim based on state law violations for lack of federal question jurisdiction). As such, the Court does not have federal question jurisdiction over Plaintiff's claims.

Plaintiff has not invoked diversity jurisdiction, and it appears that she could not. While Plaintiff has not specifically alleged the citizenship of any defendant, she and at least one defendant appear to be citizens of Maryland. *See* ECF 1, at 2 ¶ 4 (noting that Plaintiff is a "resident of Burtonsville, MD"); ECF 1-1, at 1 (civil cover sheet noting that at least one defendant's county of residence is Baltimore City). Thus, without complete diversity between the parties, the Court lacks diversity jurisdiction over Plaintiff's claims. The Court therefore lacks subject matter jurisdiction over this action, and it must be dismissed.

For these reasons, by the United States District Court for the District of Maryland, it is hereby ORDERED that:

(1) The complaint is dismissed without prejudice for lack of subject matter jurisdiction; and

(2) The Clerk is directed to CLOSE this case and MAIL a copy of this memorandum and order to Plaintiff.

Dated: August 19, 2025

/s/
Brendan A. Hurson
United States District Judge